UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEAN DEAN,

                Plaintiff,

-vs-                                                 Case No.  2:10-cv-564-FtM-29SPC

WELLS FARGO HOME MORTGAGE,

                Defendant.
_____/

## ORDER

      This matter comes before the Court on Plaintiff's Motion for Extension of Time to Answer (Doc. #10) filed on October 21, 2010.  Plaintiff is proceeding in this action *pro se*.  While not entirely clear, it appears that Plaintiff is moving in the instant Motion for an extension of time to meet with opposing counsel and prepare a case management report for this case.  Pursuant to Local Rule 3.05(c)(2), Plaintiff and opposing counsel are required to hold a case management meeting within 60 days of the date of service of the complaint in order to prepare a case management report.  The report must then be filed with the Court within 14 days of that meeting.  Given that Plaintiff resides in North Carolina and Defense Counsel is in Florida, the parties may meet by phone to conduct the case management meeting.

      Since the docket sheet reflects that there has been no return of service filed, it is unclear when Defendant was served in this case.  A Summons was issued on September 20, 2010.  In any event, the Court will allow additional time for the Parties to meet, but not for the amount of time Plaintiff requests.

As Plaintiff will remain *pro se* unless and until she retains Counsel who formally appears herein on her behalf, the Court will take this opportunity to advise Plaintiff of some of the important responsibilities and obligations that she bears as a *pro se* party, including some requirements of the Local Rules of this Court[1] ("Local Rules") and the Federal Rules of Civil Procedure[2] ("FRCP").

**Plaintiff's Obligation to Provide the Court with a Current Mailing Address**

If Plaintiff should change her address at any time during the course of this litigation, she shall immediately advise the Court of that change by filing a "Notice of Change of Address," which shall set forth her new address information and the effective date of such. Plaintiff is warned that failure to inform the Court of an address change may result in the dismissal of this case.

**General Requirements of Motions, Pleadings, Notices, Etc. Filed with the Court**

All documents filed with the Court must be in the form of a pleading, see FRCP 7(a), or of a motion, see FRCP 7(b), or, in limited cases such as the address Notices discussed above, in some other form. Each pleading, motion, notice, or other paper shall be presented in a separate document.

---

[1] A copy of the Local Rules can be obtained by writing to Clerk of this Court and requesting such. Any request for a copy of the Rules must:
   (1) include a check or money order for $3.00 payable to "Clerk, U.S. District Court";
   (2) include an envelope addressed to Plaintiff, which envelope is at least ten (10) by twelve (12.0) inches and which has $3.00 in postage affixed thereto; and
   (3) be mailed to the following address:
       Clerk, U.S. District Court
       P.O. Box 53558
       Jacksonville, Florida 32201

[2] A copy of the current Federal Rules can be obtained at law libraries, book stores, and from other sources.

Plaintiff shall not correspond with the Court or any Judge or Magistrate Judge of the Court in letter form. In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the Judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the governing rules of procedure. Any correspondence received will not be responded to, will be stricken from the case file, and will be returned to Plaintiff.

All documents filed with the Court must include a caption (the same as is set forth on Plaintiff's Complaint); a brief title which describes the contents of the document; Plaintiff's name and signature; and a Certificate of Service. These last two items are explained below.

All pleadings, motion, or other papers filed with the Court by Plaintiff must bear an original signature, or they will be rejected by the Court  Among other things, such signature serves as Plaintiff's certification, pursuant to FRCP 11(b), that said document is not submitted for any improper purpose; that the claims and defenses presented therein are warranted by existing law; and that there exists reasonable factual support for allegations or assertions made therein. Plaintiff is advised to review and become familiar with FRCP 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines.

All pleadings, motion, or other papers filed with the Court by Plaintiff must also include a signed Certificate of Service. Such is Plaintiff's certification that she has complied with the requirements of FRCP 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must  state the date upon which a copy of the particular document was served on the other

parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

**All Requests for Relief from or Action by the Court Must be in the Form of a Motion**

If Plaintiff seeks any relief from or action by the Court, or seeks the entry of an order of any kind, Plaintiff must file a proper motion requesting such, which motion must meet the requirements of all applicable rules, including the Local Rules and the Federal Rules. Among other things, all motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested, see Local Rule 3.01(a), which memorandum cannot exceed twenty pages (20) in length, see Local Rule 3.01(c). **Further, Plaintiff is advised that prior to filing a motion, Local Rule 3.01(g) requires her to confer with her opposing counsel in a good faith effort to resolve the issues raised by the motion prior to its filing. Each motion shall contain a Local Rule 3.01(g) certification that she has attempted to or has contacted opposing counsel.** The Court would note that Local Rule 3.01 sets forth several other important requirements for and rules governing motions filed with the Court, and that failure to comply with this, or any other, rule can form the basis for denial of a motion.

**Plaintiff's Obligations Regarding Motions Filed by Other Parties in this Case**

Plaintiff is generally advised that she must timely respond to the motions filed by other parties in this case, for if she does not timely respond to such a motion, the Court will assume that Plaintiff does not oppose that motion and any relief requested therein. Motions that Plaintiff must respond to include, but are not limited to, Motions to Dismiss under FRCP 12(b) and Motions for Summary Judgment under FRCP 56. Plaintiff is advised that, unless the Court directs otherwise,

Local Rule 3.01(b) requires that any brief or legal memorandum in opposition to a motion must be filed within **14 days** after Plaintiff is served with that motion by her opponent.

**The Obligations Set Forth in this Order are Not Plaintiff's Only Obligations**

Lastly, Plaintiff is reminded that although she is proceeding pro se, she is not relieved of all obligations that rest upon an attorney. There are still many requirements with which Plaintiff must still comply, including those imposed by the Federal Rules of Civil Procedure and the Local Rules of this District. Plaintiff is warned that the failure to comply with these requirements and obligations can have significant consequences. For example, submission of a motion which does not meet the applicable requirements can result in denial of that motion; failure to timely conduct a Case Management Conference and submit a Case Management Report can result in dismissal of this case for lack of prosecution.

While the Court has set forth some obligations and requirements in this Order, this Order does not set forth all of those requirements and should not be relied upon as limiting Plaintiff's duties and obligations in litigating this case.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Extension of Time to Answer (Doc. #10) is **GRANTED in part**. The Parties shall have up to and including **December 3, 2010** to conduct the case management meeting.

**DONE AND ORDERED** at Fort Myers, Florida, this   25th   day of October, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record