UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEAN DEAN,

          Plaintiff,

-vs-                                                      Case No.  2:10-cv-564-FtM-29SPC

WELLS FARGO HOME MORTGAGE,

          Defendant.
_____/

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Leave to Amend Plaintiff's Objection to Defendant's Dispositive Motion to Dismiss and Motion to Deny and Strike (Doc. #30) filed on February 15, 2011.  Plaintiff *pro se* Jean Dean moves to amend her objection to Defendant's Motion to Dismiss.  The Court previously allowed Plaintiff to file her objection out of time.  (Doc. #26) and the Clerk of Court filed Plaintiff's Objection to Defendant's Motion to Dismiss as a separate docket entry as directed by the Court.  (Doc. #27).  Plaintiff now moves to amend her objection.  Plaintiff notes that her amended objection is better formatted, is more concise, and joins essential parties.  (Doc. #30, at 2).

The Court notes that the Plaintiff has consistently ignored this Court's orders to comply with Local Rule 3.01(g), which requires that Plaintiff consult with opposing counsel prior to the filing of any motion in an effort to resolve the issues raised by the motion.  Local Rule 3.01(g) requires that each motion include a certification that the party has conferred with opposing counsel.  This Court cautioned Plaintiff in its October 25, 2010 (Doc. #13) and January 14, 2011 Orders (Doc. #22) that failure to comply with this requirement would result in Plaintiff's motions being denied summarily

without further consideration.[1]  Even so, the instant Motion for Leave to Amend Plaintiff's Objection did not contain a Rule 3.01(g) certification.  Therefore, Plaintiff's Motion is due to be denied.  The Court continues to admonish Plaintiff that a Rule 3.01(g) certification **must** be included in each Motion filed with the Court.

The Court believes that this denial does not prejudice Plaintiff as the proposed amended objection (Doc. #30-1) does not contain any substantive changes to Plaintiff's objection.  To the extent that the amended objection sought to join essential parties, this Court previously denied Plaintiff's efforts to join necessary parties.  (Doc. #22).

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Leave to Amend Plaintiff's Objection to Defendant's Dispositive Motion to Dismiss and Motion to Deny and Strike (Doc. #30) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of February, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[1] This Court's October 25, 2010 Order explained Local Rule 3.01(g) and other important requirements of both the Local Rules and Federal Rules of Civil Procedure to the Plaintiff in an effort to impress the important responsibilities and obligations that one bears as a *pro se* party.  (Doc. #25, pp. 2-5).